✎AO 241
(Rev. 12/04)

Page 2

RECEIVED

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2007 NOV 27 A 2:21

| **United States District Court** | District: MIDDLE | |
|---|---|---|
| Name (under which you were convicted): David L. Watkins   DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA | | Docket or Case No.: 2:07-CV-1040-MHT |
| Place of Confinement : DRAPER CORRECTIONAL CENTER | | Prisoner No.: 219698 |
| Petitioner (include the name under which you were convicted) DAVID L. WATKINS | Respondent (authorized person having custody of petitioner) v. DANIEL, WARDEN III | |
| The Attorney General of the State of  Alabama | | |

**PETITION**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging: CIRCUIT COURT MONTGOMERY COUNTY

   (b) Criminal docket or case number (if you know): CC-00-1506.

2.   (a) Date of the judgment of conviction (if you know): May 16, 2001

   (b) Date of sentencing: October 22, 2001

3.   Length of sentence: LIFE

4.   In this case, were you convicted on more than one count or of more than one crime?     ☐ Yes   ☑ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Intentional Murder

6.   (a) What was your plea? (Check one)

   ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty            ☐ (4)   Insanity plea

✎AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury      ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes      ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Alabama Court of Criminal Appeals

(b) Docket or case number (if you know): Case No. 01-0232

(c) Result: Affirmed

(d) Date of result (if you know): May 7, 2002

(e) Citation to the case (if you know): 860 So. 2d 914 (Ala. Crim. App. 2002)

(f) Grounds raised: Issue 1 : The Trial Court erred by failing to instruct the jury regarding intoxication and failing to include the lesser included offense of manslaughter. / Issue 2 : The Court erred in allowing the prosecution to quote from the transcript.

(g) Did you seek further review by a higher state court?      ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

🖋AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Circuit Court of Montgomery County

(2) Docket or case number (if you know): CC-1506

(3) Date of filing (if you know): August 22, 2006

(4) Nature of the proceeding: Rule 32 Petition

(5) Grounds raised: Ineffective Assistance of Appellate Counsel due to his failure to raise non-frivolous claims in a motion for new trial. II The failure of Trial Counsel to submitt a written request that the jury be instructed on a lesser included offense of manslaughter regarding intoxication. The failure to properly instruct the jury on a particularize intent to killed Issue with regards to accomplice liability. And Petitioner was convicted on a defective indictment due to the indictment not being accompanied with a statement of facts and cause of the accusation of the specific offense.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes  ☐ No

(7) Result: Denied

(8) Date of result (if you know): October 20, 2006

✎AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Criminal Appeals

(2) Docket or case number (if you know):

(3) Date of filing (if you know): February 22, 2007

(4) Nature of the proceeding: Appeal of A Rule 32 Post-Conviction

(5) Grounds raised: I. WHETHER APPELLATE COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO RAISE IN A MOTION FOR NEW TRIAL THE ISSUE OF THE DENIAL OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, DUE TO COUNSEL'S FAILURE TO SUBMIT A WRITTEN REQUEST THAT THE TRIAL-COURT INSTRUCT THE JURY ON AN LESSER IN-CLUDED OFFENSE OF MANSLAUGHTER REGARDING INTOXICATION / II. WHETHER TRIAL COURT ERRED BY IT'S FAILURE TO AFFORD WATKINS HIS RIGHT TO COMPULSORY PROCESS TO COMPEL THE PRODUCTION OF THE EVIDENCE AT THE EVIDENTIARY HEARRING?

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: DENIED

(8) Date of result (if you know): MAY 3, 2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Ala. Supreme Court

(2) Docket or case number (if you know): CC-06-0408

(3) Date of filing (if you know): MAY 22, 2007

(4) Nature of the proceeding: WRIT OF CERTIORARI

(5) Grounds raised: SAME AS ABOVE

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes   ☑ No

(7) Result: OVER-RULED

(8) Date of result (if you know): AUGUST 31, 2007

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:    ☑  Yes    ❏  No

(2)  Second petition:   ❏  Yes    ❏  No

(3)  Third petition:    ❏  Yes    ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT INTENTIONAL MURDER CONVICTION DUE TO AN ABSENCE OF EVIDENCE OF COMPLICITY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner gave a tape statement to investigating officers explaining how the victim was killed. The State used that statement as a confession to intentional murder. However, the contents within this tape statement tells a different story. Trial Counsel never object nor (raise or request) any jury instructions. In Furtherance, the State never showed how Petitioner aided the crime.

(b) If you did not exhaust your state remedies on Ground One, explain why: At the time Petitioner believed that there was no other way to raised this claim due to the State's statue of limitations rule.

AO 241
(Rev. 12/04)

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner had the benefits of counsel and his counsel had failed to do so.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner fail to do so.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The taped statement (Confession) which is the State's only and sole evidence, reveals that Petitioner informed investigating officers that he did not want any life threating acts to take place nor, did he play any part in it. Petitioner even tried to prevent the crime from happening. Again, trial counsel never subjected the prosecutions evidence to any real testing.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Petitioner failed to do, due to the State's statue of limitations periode.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

✎ AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEETH AMENDMENT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The evidence reveals that all (3) three co-defendants and the victim was drinking on the night of the murder. Trial Counsel should have requested that the jury be instructed on the less included offense of manslaughter regarding intoxication. Appellate Counsel fail to raised this claim in a motion for new trial. Therefore Petitioner was denied effective assistance of appellate Counsel.

✎AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner had benefits of Counsel and depended solely upon him.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32 Post-Conviction Remedy

Name and location of the court where the motion or petition was filed: Circuit Court of Montgomery

Docket or case number (if you know): CC-00-1506

Date of the court's decision: October 20, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: THE ALABAMA CRIMINAL COURT OF APPEALS

Docket or case number (if you know):

Date of the court's decision: MAY 3, 2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: Petitioner appeal to Alabama Supreme asking that they reverse the lower courts decision because they are contrary to the laws of the United States Supreme Court.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:



(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

✎AO 241
(Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☐ Yes   ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: Insufficient Evidence Claim and the Failure of Counsel
to address insufficience at trial.
    The State Court would have time barred both issues.

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: WINSTON DURANT (UNKNOWN)

(c) At trial: WINSTON DURANT (UNKNOWN)

(d) At sentencing: WINSTON DURNT

(e) On appeal: KELLY VICKERS 100 COMMERCE ST.
SUITE 900 MONTGOMERY, ALABAMA 36104

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes        ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes        ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    _11 - 26 - 0 7_      (month, date, year).

Executed (signed) on    _11 - 26 - 07_      (date).

_David L. Watkins_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

David L. Watkins   AIS-246898
Draper Correctional Center
P.O. Box 1107
Elmore AL. 36025



UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, AL 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication"

RECEIVED

2007 NOV 27 A 9: 30

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# UNITED STATES DISTRICT COURT FOR THE

# MIDDLE DISTRICT OF ALABAMA

**DAVID L. WATKINS**
    Petitioner

V.

**LEPOSEY DANIEL, WARDEN III**
**(Or Other Person Having Custody of Petitioner)**
    Respondent(s)

Case NO: 2:07-CV-1040-MHT

---

## PETITION FOR A WRIT OF HABEAS CORPUS

## BY PERSON IN STATE CUSTODY

---

**To The Honorable United States Judge:**

    Petitioner, **David L. Watkins**, was convicted of murder in violation of Alabama Code (1975) 13A-6-2, in the Circuit Court of Montgomery County, Alabama on May 15, 2001. Petitioner was sentenced to serve a term of life in prison. He is currently in custody of the State of Alabama at Draper Correctional Prison in Elmore, Alabama. Pursuant to the United States Constitution Title 28 United States Code, Section 2254, Mr. Watkins petition this court to issue a Writ of Habeas Corpus ordering his release from custody because his conviction were obtained in violation of the Constitution and laws of the United States. See 28 U.S.C. 2254.

## I. JURISDICTION

1)    This Court has subject matter jurisdiction pursuant to 28 U.S.C. 2241 (a).

2)    This Court has personal jurisdiction pursuant to 28 U.S.C. 2241 (d) because Petitioner Watkins was convicted and sentenced in the Circuit Court of Montgomery County, Alabama.

## II. INTRODUCTION

3)    This case initiated as a joke, resulting into a murder. On September 15, 2000. Petitioner was indicted for the offense of murder as follows:

**The Grand Jury of said County charge that, before the finding of this Indictment, DAVID LEONARD WATKINS, alias David L. Watkins, whose name is otherwise unknown to the Grand Jury, and/or an accomplice did intentionally cause the death of another person, John Ferrell, by shooting with a gun, in violation of Section 13A-6-2- of the Code of Alabama, against the peace and dignity of the State of Alabama.**

4)    The indictment resulted from an incident in which John Ferrell was beaten and shot in the head following a dispute arising during a game of cards. Your Petitioner gave a tape statement to police indicating that Latoya Davis ("Toya") was the [actual/perpetrator]; who shot the victim causing his death. The chief evidence in this case was the tape statement. Petitioner further confessed that before the alleged crime all parties involved were drinking (intoxicated) He admits that he and Toya urinated on the victim taking it as a joking matter. Furthermore, Petitioner stated that victim was hit in the head with a board by co-defendant Latoya Davis (Toya") In which, he (Petitioner)

didn't approve. Petitioner mentions that he then tried to prevent the crime from happening. An that he did not know that the victim would end-up dead that night. The record shows that Petitioner didn't promote/nor participate in anything that could have further the crime offense. Petitioner further stated that the victim was sitting on a curb and Toya kicked the victim off into the water. Thereafter, Toya instructed that Petitioner's cousin Robert Watkins (Junior) kill the victim, because he knew where he stayed at. However, Junior looked like he wanted to do it but he did not make a corresponding action. Your Petitioner further emphasis that it didn't make sense to kill the victim, and that he was truly sorry for what happened.

### III. FACTS AND PROCEDURAL HISTORY

5)    On or about 19, 1999, the Petitioner, was playing cards and listening to music with his cousin Robert Watkins, Latoya Davis, and Christopher Ferrell. They were in the home of Robert Watkins on Keystone  Street in Montgomery Alabama. They all were "intoxicated". A fight eventually broke out were Robert, Latoya, and the Petitioner all participated in beating the [victim] Christopher Ferrell. The tape statement given to the police by Petitioner indicates that they urinated on the victim. Some time afterwards Robert offered Petitioner the gun to shoot and kill the victim, in which, Petitioner refused. After Petitioner said that  he would not do it , because it didn't make any sense to. Co-defendant Latoya Davis decided that she  would. Petitioner further stated he did not think she would and that he didn't want any part in killing the victim and walked away. Latoya  had shot and killed Christopher Ferrell. The victim was found dead in a ditch with two  gunshot wounds to the head. At trial the Petitioner stated clearly that he

was intoxicated and intimidated when he gave the tape "Confession" and that he did not do anything to harm the victim or further the crime.

The Chief evidence which convicted the Petitioner was his taped statement given to the police.

6)    On May 15, 2001, Petitioner received a jury trial, In which the jury returned a verdict of guilt of intentional murder on May 16, 2001. all (3) defendants appeared for sentencing and received life imprisonment in the Department of Corrections on October 22, 2001. On May 7, 2002, Alabama Court of Criminal Appeals issued a certificate of Judgment that certified it's affirmance.

7)    April 2, 2004, Petitioner's Appellate Counsel, Kelly Vickers, forwarded a via letter stating that he was enclosing a copy of the Appellate Court decision, enclosing a copy of Petitioner's transcript, and Petitioner at the time, still have one recourse left, a Rule 32 Petition, but he (Petitioner) need to file it immediately-before April 19 if possible. This was well past the two (2) year/or one (1) year mark in which to timely file a Rule 32 Post Conviction Remedy.

8)    Petitioner filed his Rule 32 Petition with the Circuit Court of Montgomery County on August 22, 2006. Petitioner raised (3) three claims and one of those claims was ineffective assistance of Appellate Counsel due to counsel's failure to raise a non-frivolous claim in a motion for new trail. Petitioner demonstrated a "failure to entertain this petition will result in a miscarriage of justice."

The State of Alabama filed a response to the allegations pertaining to the said Rule 32 Petition; requesting the trial court to dismiss the Rule 32 petition. However, the State did not plead any ground of preclusions in this instant case. During the hearing,

Petitioner's trial counsel offered testimony that he had been practicing law for approximately (30) Thirty years. Petitioner's trial counsel, Mr. Durant, stated that he did not ask the court for a lesser included offense of manslaughter because the facts were of such that he felt they were not warranted, due to his professional judgment he didn't think that there was a legal theory for such an instruction.

Petitioner's trial counsel, Mr. Durant, explained why he did not request for an instruction on the lesser included offense of manslaughter to be considered by the court, his reason was that there might have been a statement that Watkins and his Co-defendants were drinking but not to raise to the proportion that you would think it would impair a person's intent. With that missing, Mr. Durant stated that he did not think it was necessary to request for an instruction on the lesser included offense.

Also, during the hearing, Petitioner made a request by asking the trial court was the "tape statement" (Confession) that was entered into evidence at his trial, available; so that he could point out at the time the crime occurred there was evidence in that "tape statement" that indicates that he was intoxicated. The State of Alabama contended that they had the transcribed statement of the tape that would have actually been entered into evidence. The trial court stated that "you are going to have to have more than that."

9). On October 20, 2006, the trial court issued a written order finding that there was no basis for Petitioner's Trial Counsel requesting the lesser included charge; in addition, Petitioner fail to satisfy the requirement of Strickland.

10). October 23, 2006, Petitioner submitted a motion to alter, amend or vacate judgment; due to the tape statement was not available for inspection and was the sole

evidence in which to properly argue his claim of ineffective assistance of counsel. The trial court denied said motion.

11).    On November 7, 2006, Petitioner submitted a "Motion to set aside judgment" where he requested the trial court to reschedule another evidentiary hearing permitting or allowing him the opportunity to show the evidence needed to prove his ineffective assistance claim or in the alternative take judicial notice of the taped statement. The trial court denied said motion.

12).    On November 14, 2006, Petitioner filed a timely noticed of appeal  with the Circuit Court of Montgomery County. The record on appeal was filed January 26, 2007. The appeal from the denial of the said Rule 32 petition was denied May 3, 2007. Petitioner filed an Application For Rehearing and Motion pursuant to Rule 40 (e) of the Alabama Rules of Appellate Procedure For The Finding of Additional Facts on May 11, 2007, the court of Criminal Appeals overruled Petitioner's Application.

13).    On May 22, 2007, Petitioner petitioned the Supreme Court of Alabama for Writ of Certiorari. On August 31, 2007, the Supreme Court denied Writ of Certiorari. Certificate of judgment affirmed by memorandum was also issued.

**THE GROUNDS SUPPORTING THE PETITION FOR RELIEF**

**IV. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT PETITIONER'S**

**INTENTIONAL MURDER CONVICTION BECAUSE OF AN ABSENCE OF**

**EVIDENCE OF COMPLICITY**

14)     The United States Supreme court held that relief may be granted in a habeas corpus proceeding to determine the suffiency of the evidence in finding proof of guilt beyond a reasonable doubt. <u>Jackson V. Virginia, 443 U.S. 307, 321-24 (1979).</u>

"The United States Constitution prohibits the conviction of any person except upon proof of guilt beyond a reasonable doubt." <u>Jackson V. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979).</u> (hereafter Jackson), citing, <u>In Re Winship 397 U.S. 359, 90 S.Ct. 1068, 25 L. Ed. 2d 368 (1970)</u> (hereafter Winship). Winship, 397 U.S. 358, presupposes as an essential element of due process guaranteed by the Fourteenth Amendment to the United States Constitution that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. <u>Jackson 443 U.S. 316.</u> If a rational fact finder could not have concluded beyond a reasonable doubt the existence of every element of the offense, a conviction must be deemed violative of due process guaranteed by the Fourteenth Amendment. <u>Jackson, 443 U.S. 317.</u>

15)     Here, the Petitioner was charged by an indictment in the Circuit Court of Montgomery County which stated Petitioner "did as an accomplice, intentionally caused the death of another person, John Ferrell, by shooting with a gun, in violation of section 13A-6-2 of the Code of Alabama." The States contention at trial is that Petitioner's taped

statement (confession) convicts him of intentional murder as an accomplice in the shooting of John Ferrell.

Ala. Code §13A-6-2 provides that a person commits the crime of murder if with intent to cause the death of another person, he causes the death of that person or another person. At trial the states contentions was that Petitioner' himself confessed to participating in the actual murder of John Ferrell.

Ala. Code §13A-2-23 provides that:

a) a person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense,

    1. He procures, induces or causes such other person to commit the offense; or

    2. He aids or abets such other person in committing the offense; or

    3. Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make.

"The applicable test for complicity is whether a defendant, with intent to promote or assist in the perpetration of the offense, did aid or abet such other person in committing the offense." Prantl V. State, 462 So. 2d 781, 783 (Ala. Crim. App. 1984) "The State must adduce some evidence implying that the defendant either recruited, helped or counseled in preparing the crime or undertook some part in its commission." Commentary, Ala. Code §13A-2-23. "The mere presence of a person at the time and place of a crime is not sufficient to justify his conviction for the commission of the crime." Jones V. State, 351 So. 2d 1183,1186 (Ala. Crim. App. 1986).

"Knowledge of the commission of a felony, after its commission, without aid being rendered to the active felon in the commission of the felony, is not sufficient to authorize a conviction." James V. State, 351 So. 2d 693, 696 (Ala. Crim. App. 1977). " A trial judge should not permit a case to go to a jury if the evidence "raises a mere suspicion, or, admitting all it tends to prove, a defendant's guilt is left in uncertainty, or dependant upon conjecture or probability..."" Jones V. State, 481 So. 2d 1183, 1186 (Ala. Crim. App. 1986).

"In Duncan V. State, 872 So. 2d 838, 846-847 (Ala. Crim. App. 1999), Alabama stated in pertinent parts, as follows:

"The accomplice statue has been applied to all felonies, both capital and non-capital in the past. It has been applied to charge an accomplice as a principle likewise in cases where specific intent to commit a crime must be charged on the part of the principle. In order to convict an accomplice of a traditional murder charge pursuant to that statue, it had been necessary to show that the accomplice had a previous {understanding to kill} on the part of the co-defendant."

In Jordan V. State, 81 Ala. 20, 1 So. 577 (1886), The Supreme Court stated:

"...When a particular intent or formed design is requisite to constitute an offense, {knowledge of its existence} and a common purpose to perpetrate the offense must be shown before a person can be convicted of aiding and abetting. We so held on the former appeal.

In Tanner V. State, 92 Ala. 1, 9 So. 613 (1890), states:

"...The accomplice, as we have seen, is criminally {responsible for the acts which are the direct proximate, natural result of the conspiracy formed}. He is not

responsible for any special act, not within the scope of the common purpose, but grows out the individual malice of the perpetrator. 1 Wharton Crim. Law, §397.

16) Here, the State of Alabama showed by way of the taped statement (confession) that Petitioner was present and may have had knowledge of the intentional murder after its commission. But, the State of Alabama did not show that Petitioner shared nor participated in the intentional murder of John Ferrell. The trial evidence was essentially as follows:

On the night of October 19th of 1999, Petitioner (Watkins), was visiting the home of Robert Watkins along with Latoya Davis. They were sitting around listening to music when the (victim) John Ferrell had a friend to bring him by to visit. He brought with him a case of beer which he shared with them. They started playing cards. During the course of the card game the evidence shows that Latoya Davis was involved in an altercation which led to physical contact between those two. Eventually, the fight was led outside of the house where all three defendant's physically assaulted John Ferrell. In the midst of the domestic violence both Petitioner and Latoya Davis thought it would be funny to urinate on the victim. However the victim got up and ran some distance where he fell. The evidence shows that Latoya picked up a board attempting to bash it over John's head. Petitioner tried to stop her by grabbing her to restrain her. However, it was to no avail. Latoya then told co-defendant Robert Watkins that he needed to kill John Ferrell because he know where he stayed. Robert eventually agreed because the trial evidence shows that Robert (Junior) not only had a gun, he offered it to the Petitioner to commit the murder. Petitioner refused and stated that it didn't make any sense to kill the victim John Ferrell. That's when Latoya Davis took matters into her own hands. Petitioner stated that he

didn't want no part of it and walked away. Furthermore, Petitioner stated that he kinda took it as a joke and he didn't think that she would do it. Evidence showed that Petitioner did not do anything to further the crime, but did try to prevent it from happening.

The State's evidence raised only a mere suspicion which was not within the scope of the common purpose. Because the evidence was not sufficient to show complicity, this court should issue a writ granting the Petitioner's Habeas Corpus Relief from his unconstitutional conviction and sentencing.

## V. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS

17)     Appointed trial counsel for Petitioner was ineffective in his defense of the charges against Petitioner. As a result of said counsel's lack of competent assistance, Petitioner was denied his Sixth and Fourteenth Amendment guarantees under the federal Constitution to be competently represented by counsel in his defense. Petitioner's Fifth and Fourteenth Amendments guarantees under the federal Constitution to receive due process of the law were also violated.

18)     The Sixth and Fourteenth Amendments to the United States Constitution guarantee the right to assistance of counsel in criminal trials. This guarantee insures the right not only to assistance of counsel but to effective assistance of counsel. Strickland V. Washington, 466 U.S. 668 (1984); see also Williams V. Taylor, 529 U.S. 362 (2000). A claim of ineffective assistance of counsel must satisfy a two-prong test in demonstrating that (1) his attorney's representation fell below an objective standard of reasonableness,

and (2) he was prejudiced as a result thereof. Strickland, 466 U.S. at 687-88; see also, e.g. Wiggins V. Smith, 539 U.S. 510, 521 (2003) (citing Strickland: an ineffective assistance claim has two components: a Petitioner must show that counsel's performance was deficient and that said deficiency prejudiced the defense.)

Deficient performance may be established by a Petitioner demonstrating that the representation of counsel "fell below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting, Strickland 446 U.S. at 687). The applicable standard is measured by "reasonableness under prevailing professional norms,... which is viewed in a context that is based upon a consideration of the challenged conduct as seen from counsel's perspective at the time." Id. At 523 (quoting Strickland, 446 U.S. at 668). Counsel may use personal judgment to determine appropriate defense strategy for each case, but all strategies must be objectively reasonable. Id. At 521. However, in Petitioner Watkins's case, the deficiencies in said counsel's performance did not arise due to a strategic defense as discussed below.

Prejudice is established by showing of "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Wiggins, 539 U.S. at 534 (quoting Strickland, 466 U.S. at 694). This standard requires a showing by less than a preponderance of the evidence, and when assessing the existence of the requisite reasonable probability, it is both appropriate and necessary to consider the aggravated harm flowing from all of counsel's individual errors rather than merely determining whether an individual errors, standing alone, was prejudicial. Strickland, 466 U.S. at 695 ( in making this {prejudiced} determination, a court hearing

an ineffective claim must consider the totality of the evidence before the judge or jury)."

Williams, 529 U.S. at 397 (emphasis added) ( the prejudice must be determined based on the "totality" of the evidence); see also Kyles V. Whitley, 514 U.S. 419, 434 (1995) ; Marvin V. Cain, 246 F. 3d 471, 477 (5th Circuit 2001).

According to Alabama's law: section 13A-2-24, Code of Alabama 1975, states in relevant part:

"Unless otherwise provided by the statue defining the offense, a person shall not be legally accountable for behavior of another constituting a criminal offense if:"

"(3) Prior to the commission of the offense, he voluntary terminated his effort to promote or assist its commission and either gave timely and adequate warning to law enforcement authorities, or to the intended victim, or wholly derived his complicity of its effectiveness in the commission of the offense. The burden of injecting this issue is on the defendant, but this does not shift the burden of proof."

19)     Petitioner asserts that the guarantee of the Sixth Amendment right to counsel was not satisfied. Because counsel for Petitioner failed to inject or raise the fact the Petitioner voluntarily terminated his effort to promote or assist in the commission of the crime. Petitioner wholly deprived his complicity of its effectiveness in the killing of the victim John Ferrell. The taped statement (confession) which is the State's sole evidence reveals that Petitioner informed investigating officers that he did not want any life threatening acts to take place. Nor did he play any part in it.

20)     Counsel should have requested that the jury be charged on the principle of repudiation. This would allow the jury to reasonably infer whether or not Petitioner did

(or) did not renounce his participation in the intentional murder of John Ferrell. See Moore V. State, 677 So. 2d 819 (1996 Ala. Crim. App.) Lexis 4 CR-94-1447 January 19, 1996 released. Counsel's lack of performance deprived Petitioner of a right to an impartial jury under the Sixth and Fourteenth Amendment of the U.S. Constitution. Here Petitioner's trial counsel did nothing to alert the court nor the jurors of the fact that Petitioner was (or) could have been innocent of complicity. Considering the facts within this case; trial counsel clearly could not rely on trial strategy as a basic for not requesting this instruction. After approximately (30) thirty years of practice, trial counsel should have recognized that under the circumstances Petitioner would be deprived of a fundamental right which would have and has resulted in a miscarriage of justice.

21)     Because of trial counsel's failure to request that the jury be charged on the principle of repudiation, the jury could not intelligently comply with their duty as jurors. This also relieved the prosecution's burden of proof of finding {every} element of the charged offense beyond a reasonable doubt. Trial counsel never filed any written motions whatsoever. He never performed any pre-trial investigations, subpoena material witnesses and rarely objected or otherwise to preserve issues of potential error. Trial counsel's failure relieved the prosecution's burden of proof of finding {every} element of the charge offense beyond a reasonable doubt.

This failure does not satisfy the Constitution, but shows, that counsel was not functioning as an advocate for your Petitioner. While presenting these facts Petitioner contends that had his counsel objected or otherwise submitted written requests before the court; the jury not only could have inferred that your Petitioner removed his

involvements from the crime. They also would have found him not guilty of the charged offense.

22)     For the above stated reason Petitioner ask that this court reverse his conviction in his Habeas Corpus Petition. Because the evidence presented by the state did not meet the requisite standards needed to prove accomplice liability. Petitioner was never shown to act outside of the common purpose. Therefore, due to the totality of errors committed by the trial counsel, counsel failed to provide Petitioner with effective assistance under the Sixth and Fourteenth Amendments to the United States Constitution.


## VI. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE
## OF APPELLATE COUNSEL AS GUARANTEED BY THE
## SIXTH AND FOURTEENTH AMENDMENTS

23)     The Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and Art. I 6 of the Alabama Constitution requires a new trial, or other relief as law requires. Because Petitioner was deprived of his liberty due to the denial of effective assistance of Appellate Counsel, due to his failure to raise non-frivolous issues in a motion for new trial as follows: The denial of the effective assistance of trial counsel, due to trial counsel failure to submit written requests that the trial court instruct the jury on a lesser included offense of Manslaughter regarding intoxication. In fact, Appellate Counsel never even filed a motion for new trial to preserve issues for appellate review.

The Supreme Court of Alabama are to the effect that every accused is entitled to have charges given, which would not be mis-leading, which correctly states the law of his case, and which are supported by {any} evidence, however weak, insufficient, or

doubtful in credibility. Burns V. State, 229 Ala. 68, 155 So. 561 (1934) (quoting) Ex Parte Long, 600 So. 2d 982 (Ala. 1992).

Petitioner was charged and indicted as an accomplice of intentionally causing the death of another person, by shooting with a gun, in violation of section §13A-6-2 of the Code of Alabama.

Alabama Code §13A-2-23 provides in relevant part:

"(a) a person is legally accountable for the behavior of another person constituting a criminal offense if, {with the intent to promote or assist the commission of the offense}...ect.

When the crime charged involves specific intent such as murder and there is evidence of intoxication, the trial judge should instruct the jury on the lesser included offense of Manslaughter. Gray V. State, 482 So. 2d 1318, 1319 {Ala. Crim. App. 1985} The State of Alabama has the burden of proving every element of the charged offense beyond a reasonable doubt. It is somewhat difficult to understand what actually happened and how much alcohol was consumed on the night of this horrible event. However, since the evidence undisputedly reflects that all parties were intoxicated, Petitioner's trial counsel, indeed, should have requested that the jurors be instructed on the lesser included offense of Manslaughter regarding intoxication. Because it is axiomatic that in a criminal case the instructions given to the jury must require the jury to find every element of the crime charged, under the proper standard of proof. See Cabana V. Bullock, 474 U.S. 376, 384, 106 S Ct. 689, 88 L. Ed. 2d 704 (1986).

Alabama Code 13A-3-2 (a) states in part the following:

"Intoxication is not a defense to a criminal charge...."

"However, intoxication, whether voluntary or involuntary is admissible in evidence whenever it is relevant to negate an element of the offense charged."

Therefore, "whether the level of intoxication is sufficient to negate an essential element of the crime, such as intent is a question of fact to be resolved by the jury." Adam V. State, 484 So. 2d 1160 (Ala. Crim. App. 1985). Because, the Sixth Amendment requires that all elements of the crime be found by the jury not just by appellate judges reviewing the record. Carella V. California, 491 U.S. at 268-69, 109 S. Ct. 2419, 2422, 105 L. Ed. 2d 218 (1989) (Scalia, J., Concurring), (Quoting, U.S. V. Caldwell, 989 F. 2d 1056, 1061 (9th Cir. 1993). Moreover, in Federal courts, the defendant is entitled to an instruction on a lesser included offense of the evidence that could permit a jury rationally to find him guilty of the offense and acquit him of the greater. Beck V. Alabama, 447, 625, 65 L.Ed. 2d 392, 100 S. Ct. 2382.

24)     Here, the trial court did not instruct the jury on the lesser included offense of manslaughter regarding intoxication. As stated beforehand, the State did not deny that alcohol was involved. Due to his professional judgment, trial counsel, Mr. Durant, stated he didn't think that there was a legal theory for such an instruction; an therefore, did not ask the court for a lesser included offense. Had trial counsel submitted these instructions, there is no doubt that the jury would have recognized that the essential element of the crime was negated due to the involvement of alcohol. The jury would have complied with their duties as jurors and found the Petitioner not guilty of the charged offense. Therefore, Appellate Counsel erred when he failed to properly raise this claim of ineffective assistance of counsel in a motion for new trial before the trial court as required under Rule 24.1 (b) A.R. Crim. P.

Based on the foregoing, the Petitioner respectfully urges this Honorable Court to reverse his conviction; a serious risk of injustice infects the trial itself when the State obtains a criminal conviction through such a trial as this one. The State unconstitutionally deprived the defendant of his liberty sustained by the due process clause. It is the state court's obligation to guard and enforce every right secured by the Federal Constitution.

## <u>RELIEF SOUGHT</u>

A.     That this Honorable Court accept jurisdiction and entertain this instant application for Writ of Habeas Corpus pursuant to title <u>28 U.S.C. 2254.</u>

B.     That this Honorable Court issue an order to show cause why said Petition should not be granted upon the State of Alabama and requires the said to produce and submit all material documents that concern the facts presented herein.

C.     That this Honorable Court schedule an Evidentiary Hearing upon disputed material facts or in the alternative allows the Petitioner to submit interrogatories to trial and appellate counsel concerning disputed material facts.

D.     That this Honorable Court grant the said application and either reverse the judgment of the State of Alabama or require a new trial.

E.     That this Honorable Court grants any other relief Mr. Watkins may be entitled to under law..

## CONCLUSION

Wherefore, premises considered, Mr. Watkins prays that this Honorable Court shall grant the relief sought herein and other the same. Done this the 26 day of November, 2007.

Respectfully Submitted,

David L. Watkins
AIS: 219698
Draper Corr. Facility
P.O. Box 1107
Elmore, Alabama 36025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing memorandum of law in support of application for Writ of Habeas Corpus pursuant to title 28 U.S.C. section 2254 has been delivered unto the prison authorities for purpose of mailing to the U. S. District Court for Southern District of Alabama at 113 Saint Joseph Street, Mobile Alabama 36602, by placing the same in the U.S. Mail postage affixed and correctly addressed this the 26 day of November 2007.

David L. Watkins

**DAVID L. WATKINS**

**SWORN TO and SUBSCRIBED** before me a Notary Public on this the said _____ day of November, 200___.

_____          _____
**NOTARY PUBLIC**                        **MY COMMISSION expires**

David L. Watkins    A.I.S. 24698
Draper Correctional Center
P.O. Box 1107
Elmore AL. 36025



UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Al 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication"