IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. WATKINS, #219698, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-1040-MHT |
| | ) | |
| WARDEN DANIEL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by David L. Watkins ["Watkins"], a state inmate, on November 26, 2007.[1]  In this

petition, Watkins challenges a conviction for murder imposed upon him by the Circuit

Court of Montgomery County, Alabama on May 16, 2001.  The trial court sentenced

Watkins to life imprisonment for this conviction on October 22, 2001.  This conviction

became final by operation of law in May of 2002.

The respondents filed an answer in which they argue that the instant habeas petition

is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See*

---

[1]Although the Clerk stamped the petition filed on November 27, 2007, the law is well settled that a
pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v.
Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999);
*Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Watkins certified that he executed this federal habeas
petition on November 26, 2007. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 15. "Absent
evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant
petition] was delivered to prison authorities the day [Watkins] signed it ...." *Washington v. United States*, 243
F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this federal habeas proceeding,
the court considers November 26, 2007 as the date of filing.

28 U.S.C. § 2244(d)(1).[2]    The respondents contend that because Watkins' murder

conviction  became final in 2002 -- **after** the effective date of the statute of limitations --

Watkins must have filed his § 2254 petition within a year of his conviction becoming final,

exclusive of the time that any properly filed state post-conviction petition related to the

conviction remained pending in the state courts.    The respondents acknowledge that

Watkins filed a state post-conviction petition on July 23, 2006.[3]   However, they argue that

this petition did not toll the one-year period of limitation because it was filed after

expiration of the limitation period and was therefore not "pending" as required by the

provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.

*Respondents' Answer* at 9-10; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000),

*cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321

F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir.

2001).   The respondents further argue that even if the court allows Watkins equitable

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]The Rule 32 petition establishes that Watkins executed the petition on July 23, 2006 and such date is therefore the earliest on which Watkins could have submitted the petition to prison officials for mailing. *Respondents' Exhibit C - Court Doc. No. 7-4* at 16 -- *Rule 32 Petition* at 13.  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and July 23, 2006 is therefore the appropriate date of filing for Watkins' Rule 32 petition.

tolling of the limitation period until the time he became aware of the denial of his direct appeal and statutory tolling during the time a petition for mandamus remained pending in the state courts, an action they argue is not a properly filed post-conviction petition which warrants statutory tolling, the instant petition remains untimely filed.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Watkins failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state

3

court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme

Court denies certiorari or the time to apply for certiorari expires. *Id.* Thus, the ninety-day

period in which to seek certiorari from the United States Supreme Court does not count

towards the one-year period of limitation only when a petitioner preserves his right to seek

this particular relief.

The Circuit Court of Montgomery County convicted Watkins of murder on May 16,

2001. The trial court imposed sentence upon Watkins on October 22, 2001. Watkins filed

a direct appeal and the Alabama Court of Criminal Appeals issued a memorandum opinion

affirming his murder conviction on April 19, 2002. *Respondents' Exhibit A - Court Doc.*

*No. 7-2.* Watkins did not further appeal his murder conviction and the certificate of

judgment therefore issued on May 7, 2002.[4] *Respondents' Exhibit B - Court Doc. No. 7-3.*

Since the petitioner failed to seek relief from the Alabama Supreme Court, he could not

petition the United States Supreme Court for review of his murder conviction and the time

for seeking review of this conviction therefore lapsed upon expiration of the time for filing

an application for rehearing with the Alabama Court of Criminal Appeals -- fourteen (14)

days from issuance of the opinion affirming his conviction. Rule 39(c)(1), *Alabama Rules*

*of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*,

531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States*

---

[4]Where further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

*Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11ᵗʰ Cir. 2002). Thus, Watkins' murder became final, at the latest, on May 7, 2002-- upon issuance of the certificate of judgment -- and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11ᵗʰ Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11ᵗʰ Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9ᵗʰ Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11ᵗʰ Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11ᵗʰ Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-14 (11ᵗʰ Cir.2001).

Watkins appears to argue he is entitled to equitable tolling of the limitation period

until the time he became aware that his conviction had been affirmed on direct appeal. He

maintains that it was not until April of 2004 that counsel advised him his appeal had been

denied. *Petition for Writ of Habeas Corpus - Court Doc. No.* 1-2 at 4. The respondents

do not dispute Watkins' allegation and, instead, present evidence that the Alabama Court

of Criminal Appeals likewise mailed a letter to Watkins on March 31, 2004 advising him

his "case was affirmed by memorandum opinion on April 19, 2002. The certificate of

judgment was issued on May 7, 2002, thereby concluding [the] appeal." *Respondents*

*Exhibit C - Court Doc. No. 7-5* at 184.[5]

The evidentiary materials filed in this case demonstrate that on March 31, 2004 in

response to a letter from Watkins inquiring about his appeal, the Alabama Court of

Criminal Appeals advised Watkins the direct appeal process had concluded on May 7,

2002. In response to this letter, counsel informed Watkins that she had sent him "a copy

of the court's decision back in April of 2002" and again sent him a copy of the court's

decision. *Respondents Exhibit C - Court Doc. No. 7-5* at 185. Counsel also provided

Watkins a copy of his transcript and advised him to file a Rule 32 petition as soon as

possible. *Id.* Under the undisputed circumstances of this case, the court finds that the

---

[5] The letter from the appellate court is dated March 31, 2004, while counsel's letter is dated April 2,
2004. Both are addressed to Watkins at the proper correctional facility. Watkins does not allege any delay
in his receipt of these letters and concedes that he received the letter from counsel sometime in April of 2002.
Allowing ten (10) days for delivery of these letters and excluding Sundays, the court concludes that Watkins
received the letter from the Alabama Court of Criminal Appeals on or before April 10, 2004. Accordingly,
for purposes of calculating expiration of the limitation period, the court will utilize April 10, 2004 as the date
Watkins became aware that the denial of his direct appeal was final.

limitation period should be equitably tolled from May 7, 2002 until April 10, 2004 because

Watkins did not receive notice of the finality of his direct appeal until receipt of the letter

from the Alabama Court of Criminal Appeals and/or appellate counsel. *Jones v. Nagle*, 349

F.3d 1305, 1308 (11th Cir. 2003) (equitable tolling appropriate until time petitioner alleged

he received notice of state court's ruling where State fails to dispute petitioner's claim that

his receipt of notice occurred several months after court's ruling).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under

this section." Watkins, however, failed to properly file a state post-conviction petition

action challenging his murder conviction. Although Watkins submitted a petition for

mandamus to the Alabama Court of Criminal Appeals on January 25, 2005, he failed to

comply with the state's procedural rules regarding service and the mandamus petition was

therefore summarily dismissed on March 2, 2005. Additionally, a mandamus petition is

not a proper post-conviction petition in which to challenge a conviction as such may only

be undertaken in a Rule 32 petition. Rule 32.4, *Alabama Rules of Criminal Procedure*; *see*

*also Moore v. Cain*, 298 F.3d 361, 366-368 (5th Cir. 2002) (mandamus petition not a post-

conviction petition seeking collateral review of conviction and therefore had no effect on

tolling). Thus, a mandamus petition does not effectuate statutory tolling of the limitation

period.[6]   Additionally, Watkins filed his Rule 32 petition after the federal period of

limitation had expired and, therefore, this petition did not toll the running of the applicable

one-year period of limitation.[7]   "[E]ven 'properly filed' state-court petitions must be

'pending' [during the one-year period of limitation] in order to toll the limitations period.

A state court petition ... that is filed following the expiration of the limitations period

cannot toll that period because there is no period remaining to be tolled."   *Webster v.*

*Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481,

148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The

plain language of the statute provides for tolling '[t]he time during which a properly filed

application for State post-conviction or other collateral review ... is pending.' 28 U.S.C.

§ 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute

of limitations, it does not reset or restart the statute of limitations once the limitations

period has expired.  In other words, the tolling provision does not operate to revive the one-

year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335

n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining

within the federal limitation period.").   Thus, the state post-conviction petition filed by

Watkins on July 23, 2006 did not toll the limitation period applicable to this federal habeas

---

[6]The court notes that even if it permitted tolling of the limitation period during the pendency of the mandamus petition such tolling would not render the instant petition timely filed.

[7]The petitioner filed his Rule 32 petition in the state court on July 23, 2006 - over a year and three months after § 2244(d)'s one-year period of limitation had expired.

petition. Consequently, the one-year period of limitation mandated by the AEDPA for the filing of a federal habeas petition by Watkins challenging his 2001 murder conviction began to run on April 11, 2004 and ran without interruption until it expired on April 12, 2005 as April 11, 2005fell on a Sunday. Rule 6(a), *Federal Rules of Civil Procedure* ("The last day of the period [of limitation] shall be included, unless it is a Saturday, a Sunday, or a legal holiday...."). Watkins filed his federal habeas petition in this court on November 26, 2007. Under the facts and circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Watkins filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before January 9, 2008 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 20th day of December, 2007.

           /s/ Wallace Capel, Jr.
           WALLACE CAPEL, JR.
           UNITED STATES MAGISTRATE JUDGE