RECEIVED

# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA

DAVID L. WATKINS, #219698
   PETITIONER

V.                                    CASE NO.: 2:07 V 1040 MHT

WARDEN DANIELS, et al.,
   RESPONDENTS

## RESPONSE

Comes now the Petitioner, David L. Watkins by and through himself and in pursuant to this court December 20, 2007 order, hereby respectfully submits this response to the respondents answer in which they argue that the instant Habeas petition is barred by the one-year limitation period applicable to 28 U.S.C §2254 petitions. As grounds the petitioner states as follows:

## FACTS

1. This case is before the court on a 28 U.S.C §2254 petition for Habeas corpus relief filed by your petitioner David L. Watkins (Watkins) a state inmate, on November 26, 2007. In this petition, your petitioner challenges a conviction for murder imposed upon him by the Circuit Court of Montgomery County, Alabama on May 16, 2001. The trial court sentenced your petitioner to life imprisonment for this conviction on October 22, 2001. This conviction became final by operation of law in May of 2002.

2. The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C §2254 petitions. See 28 U.S.C §2244 (d)(1) The respondents contend that your Petitioner's murder conviction became final in 2002 —after the effective date of the statue of limitations. Petitioner must have filed his §2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents acknowledge that your Petition filed a state post-

conviction petition on July 23, 2006. However, they argue that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was therefore not "pending" as required by the provisions of the limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. §2244 (d)(2) for purposes of tolling the requisite time period. Respondents Answer to 9-10; Webster V. Moore, 199 F. 3d 1256, 1259 (11th Circuit 2000), cert. denied, 531 U.S. 991, 121 S. Ct. 481, 148 L. Ed. 2d 454 (2000); Moore V. Crosby, 321 F. 3d 1377, 1381 (11th Circuit 2001). The respondents further argue that even if the Court allows you Petitioner equitable tolling of the limitation period until the time he became aware of the denial of his direct appeal and statutory tolling during the time a petition for mandamus remained pending in the state courts, an action they argue is not a properly filed post-conviction petition which warrants statutory tolling, the instant petition remains untimely filed.

3. On the 20th day of December, 2007 this court issued an order stating that on or before January 9, 2008 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. §2244(d)(1).

## FAILURE TO ENTERTAIN THIS PETITION WILL RESULT IN A MISCARRIAGE OF JUSTICE

Your Petitioner Watkins does not resist the fact that this instant petition was filed prior to the expiration date of the one-year period limitation contain in 28 U.S.C. §2244(d)(1). However, where your Petitioner Watkins can show actual innocence and §2244 (d)'s limitation period has expired, the time-bar to filing this first federal Petition will constitute an unconstitutional suspension of the writ of habeas corpus, because of the inherent injust that results from the conviction of an innocent person. It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process. These standards no more than reflect a broader premise that has never been doubted in our constitutional system: that person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend. A meaningful opportunity

to defend, if not the right to a trial itself, presumes as well that a total want of evidence to support a charge will conclude the case in favor of the accused. Accordingly, we held in the Thomas case that a conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm. The "no evidence" doctrine of Thompson V. Louisville thus secures to an accused the most elemental of due process rights: freedom from a wholly arbitrary deprivation of liberty. See Jackson V. Virginia, 443 U.S. at 314, 61 L. Ed. 560.

In Engle V. Isaac, 456 U.S. 107, 71 L. Ed. 2d 783, 102 S. Ct. 1558 (1982) holds that "the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime which he is charged." Winship, supra, at 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068. In Ivan V. City of New York, 407 U.S. 203, 205, 32 L. Ed. 2d 659, 92 S. Ct. 1951 (1972) (per curiam), the court held the rule in Winship to be retroactive, because " the major purpose of the constitutional standard of proof beyond a reasonable doubt announced in Winship was to overcome an aspect of a criminal trial that substantially impairs the truth finding function." Consequently, our rejection in Engle of the contention advance today – that cause need not be shown if actual prejudice is shown – is fully applicable to constitutional claims that call into question the reliability of an adjudication of legal guilt. However, as we also noted in Engle, [i]n appropriate cases "the principles of comity and finality that inform the concepts of cause and prejudice" must yield to the imperative of correcting a fundamentally unjust incarceration. 456 U.S., at 135, 71 L. Ed. 2d 783, 102 S. Ct. 1558. We remain confident that, for the most part, "victims of a fundamental miscarriage of justice will meet the cause – and – prejudice standard." Ibid.

Therefore, a petitioner may also overcome procedural default by demonstrating that "failure to consider the claims will result in a miscarriage of justice." Coleman V. Thomas, 501 U.S. 722, 750, 115 L. 3d 2d 640, 111 S. Ct. 2546 (1991). To demonstrate a fundamental miscarriage of justice, the petitioner must "establish that under the probative evidence he has a colorable of factual innocence" or, "actual innocence." Sawyer V. Whitley, 505 U.S. 333, 339, 120 L. Ed. 2d 269, 112 S. Ct. 2514 (1992) (quoting Kuhlmann V. Wilson, 477 U.S. 436, 454, 91 L. Ed. 2d 364, 106 S. Ct. 2616 (1986)). A

petitioner may demonstrate actual innocence during the guilt innocence phase by showing that, in view of the identified constitutional error, "it is more likely than not that 'no reasonable juror' would have convicted him." Schlup V. Delo, 513 U.S. 298, 329 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995), quoting Shields V. Dretke, 122 Fed. Appx. 133, 144 (5th Cir. 2005).

Your Petitioner Watkins asserts that he is actually innocent of the conviction of murder, the crime to which he pleaded not guilty. He further contends that the record, the evidence that was presented at trial in and of itself establishes that he is actually and factually innocent of said crime charged against him, had your petitioner been afforded the right to a fair trial minus constitutional errors, such as ineffective assistance of counsel. Moreover, your petitioner contends that his next evidence, in particularly his own testimony, strengthens the fact that he is actually innocent of aiding and abetting the [actual/perpetrator] in the crime. Specifically, the record and your Petitioner's own testimony in this proceeding establishes that he was intoxicated and repudiated himself from the alleged crime, by which the Petitioner gave notice to the Montgomery Police Department of the detailing facts. Petitioner should not have been convicted of intentional murder due to above stated facts. Had counsel subjected the Prosecution's case to meaningful adversarial testing by presenting (or) raising the following facts, Petitioner would have obtained a fair trial by jury as required by the 6th Amendment of the U.S. Constitution.

### RELIEF SOUGHT

A. That this Honorable Court accept jurisdiction and entertain this instant application for Writ of Habeas Corpus to correct a fundamental miscarriage of justice.

B. That this Honorable Court issues an order to show cause why said Petition should not be granted upon the State of Alabama and requires the said to produce and submit all material documents that concern the facts presented herein.

C. That this Honorable Court schedules an Evidentiary Hearing upon disputed material facts or in the alternative allows the Petitioner to submit interrogatories to trial and appellate counsel concerning disputed material facts.

D. That this Honorable Court grants the said application and either reverse the judgment of the State of Alabama or require a new trial.

E. That this Honorable Court grants any other relief Mr. Watkins may be entitled to under law.

## CONCLUSION

Wherefore, premises considered, Mr. Watkins prays that this Honorable Court shall grant the relief sought here in and other the same. Done this the said 8th day of January 2008.

Respectfully Submitted,

*David L. Watkins*

David L. Watkins
AIS: 219698
P.O. Box 1107
Elmore, Alabama 36025-1107

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing response has been delivered unto the prison authorities for the purpose of mailing to the U.S. District Court for the Middle District of Alabama at P.O. Box 711 Montgomery, Alabama 36101-0711, and hereby request the service upon the Appellee and/or Respondents by placing the same in the U.S. Mail postage affixed and correctly addressed this the 8th day of January 2008

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

2008 JAN 10  A 9: 14

DAVID L. WATKINS #219698          DRA P. HACKETT
       PETITIONER                  U.S. DISTRICT COURT
                                   MIDDLE DISTRICT ALA.

V.                                CASE NO: 2:07-CV-1040-MHT

WARDEN DANIELS, et al.
       RESPONDENTS


AFFIDAVIT

STATE OF ALABAMA          SS: AFFIDAVIT OF DAVID L. WATKINS
COUNTY OF ELMORE


I Petitioner, David L. Watkins named here and in above styled cause make this affidavit in truth concerning specific facts which transpired on October 19, 1999 and led to my conviction. On October 22, 1999, I was charged with capital murder. I was then arrested and placed in the custody of Montgomery County Jail. On September 15, 2000, the grand jury of Montgomery County returned an indictment of Intentional Murder in violation of §13A-6-2 of the Code of Alabama, 1975. On September 28, 2000, the court appointed Winston Durant as my defense counsel, who is known to me to be a registered member of the Alabama Bar Association. Mr. Durant interviewed me at the pre-trial stage, which he informed me that it would be a good idea to plead guilty to the charge I was facing. I informed Mr. Durant that the charges against me are not true and that I deserved a fair chance to tell my side of the story. I did not intentionally cause the death of John Ferrell. His death was caused by a gun-shot wound to the head by a co-defendant; who was also charged with the same crime. While under the influence of alcohol, I admitted that I did in fact assault the victim. But, it was the vicious acts of a co-defendant that discharged the firearm that resulted in the death of the [victim] John Ferrell. I also informed my counsel as well as the law-enforcers that the crime was not caused by any act or acts on my part and that I did what I could to prevent the crime from happening. Neither, did I cause the crime to go further even after one of my co-defendant's tried to

persuade me to commit this vicious act. I refused to be a part of their ferocious plan of murder. These same facts were made in a taped statement given by me, (while under the influence of alcohol - which the officers of Montgomery Police Department never performed any tests to determine to what degree (or) level my intoxication level was). Still, the State of Alabama believes that I confessed to the crime of murder. Mr. Durant without my permission waived the preliminary hearing.

Furthermore, Mr. Durant never even retained a private investigator nor did he conduct any forensic analysis or tests, nor any pre-trial investigations whatsoever. Under the circumstances and undisputed facts within the case, it would be fair to say that had Mr. Durant functioned in a professional manner and raised the following facts, the jurors could have performed their duties. Such as:

1. Intoxication instructions: because all parties involved were drinking on the night of the crime.
2. The jury should have been instructed on the principle of repudiation: because the states evidence clearly reflects that I did terminate any and every act or acts in connection with this crime. Considering that the state's evidence undisputedly shows that following did occur, my counsel should have presented or raised this before the trial court. This would have allowed the jury an opportunity to infer whether I terminated my involvement within this alleged crime of intentional murder. Since Mr. Durant is a known, registered member of the Alabama Bar Association, it should have occurred to him that these type of procedures are needed in order to ensure the possibilities of his client's constitutional rights to a fair trial. Once excised, these procedures becomes necessary in order to increase the possibility of the truth emerging during client's trial.

The court later appointed Kelly Vickers to represent me during my appeals process in which appeal counsel failed to properly raise non-trivolous issues in a motion for new trial. This negligence further prejudiced my appeal's process in that it prevented the Criminal Court of Appeal from ruling in a non-trivolous appeal. My appeal was affirmed in 2002 in which I had no knowledge. In fact Kelly Vickers response was that he/she thought they had informed me because their records indicate that fact. This is almost (2) years after my appeal had been affirmed, in fact, I did not receive a copy of the

8.

transcript until April 2, 2004. I would also like to point out the fact that, I have no knowledge whether or not Appeal Counsel has heard the taped statement given by me to the police officers. Due to this counsel's negligence, I was not able to file a proper Post Conviction Relief in the subscribed manner in which the Rules of Court requires. In Conclusion, had Kelly Vickers given me the effective assistance, which is required by law, the outcome of this appeal would have been different.

AFFIANT FURTHER SAYETH NAUGHT

_David S. Culbhm 219698_
David L. Watkins
**Affiant**

SWORN TO and SUBSCRIBED before me a Notary Public on this the said 8 day of January, 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES APRIL 9, 2011

_____
MY COMMISSION expires

8.

David W. Watkins
Draper Correctional Facility
P.O. Box 1107
Elmore, Al 36025



MONTGOMERY AL
09 JAN 2008 PM

This correspondence is forwarded
from an Alabama State Prison. The contents
have not been evaluated and the Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711