IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID L. WATKINS, #219698, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:07-cv-1040-MHT |
| WARDEN LEPOSEY DANIEL, et al., | ) |
| | ) |
| | ) |
| Respondents. | ) |

**RESPONSE TO THE AMENDMENT**

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, in response to this Court's order issued on, January 11, 2008, and answer Watkins's amendment to the habeas petition as follows:

1. Watkins argues that this Court should excuse the untimely nature of his habeas petition, because he is actually innocent of the murder for which he was convicted, and to not entertain his claims would result in a fundamental miscarriage of justice. (Doc. 10, p. 2-4)

2. As the Eleventh Circuit Court of Appeals has pointed out, this Circuit has never held that actual innocence excuses an untimely petition. "[This Court] ha[s] never held that there is an 'actual innocence' exception to the AEDPA's one-year

statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence." Taylor v. Secretary, Dept. of Corr. 230 Fed.Appx. 944, *945, 2007 WL 2122025, at *1 (11th Cir. Jul. 25, 2007).  See also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (recognizing that " 'the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence[]' ") (quoting Wyzykowski v. Dep't. of Corr., 226 F.3d 1213, 1218 (11th Cir. 2000); United States v. Caldwell, No. 2:05-cv-187-WHA, 2007 WL 625913, at *3 (M.D. Ala. Feb. 26, 2007) (holding that "[t]here is no codified actual innocence exception to the § 2244 limitations period, and the United States Supreme Court has not specifically addressed the issue of whether an actual innocence exception to § 2244 exists[]" and acknowledging that "the Eleventh Circuit has recognized that 28 U.S.C. § 2244 permits equitable tolling, it considered but did not decide 'the troubling and difficult constitutional question' of whether the § 2244(d) limitations period bar to filing a first habeas petition constitutes an unconstitutional suspension of the writ for a petitioner who can show actual innocence[]" (quoting Wyzykowski, 226 F.3d at 1218)).

    3. Following the precedent in Wyzykowski, this Court should determine, first, if Watkins has demonstrated actual innocence before reaching the question of

2

whether it should excuse his untimely petition. Watkins has failed to demonstrate that he is actually innocent of the crime for which he was convicted. Watkins has the burden of demonstrating "that no reasonable juror would have found [him] guilty" rather than "merely ... showing that a reasonable doubt exists in the light of the new evidence[.]" Schlup v. Delo, 513 U.S. 298, 329 (1995). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. U.S. 523 U.S. 614, 623(1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324.

    4. Watkins has clearly not met his burden of showing that he is factually innocent of the crime of murder. Watkins, Robert Watkins, Jr., Latoya Davis, and the victim, John Farrell, were together the night of the murder. (Doc. 7-4, p. 139-40) Watkins admitted that the four of them were together playing cards when a physical altercation ensued between Davis and Farrell. (Doc. 7-5, p. 35-36) The fighting continued outside, and Watkins alleged that he merely tried to break up the fighting between Davis and Farrell. (Doc. 7-5, p. 65-69) He denied ever going down to the area of Keystone Street the night of the altercation, but he apparently was able to give specific details of the area, during his interview with police.

(Doc. 7-5, p. 70, 72-73)  Farrell's dead body was found on Keystone Street.  (Doc. 7-4, p. 99-101)  Watkins admitted to kicking the victim four times and urinating on him, in an interview that was played for the jury.  (Doc. 7-4, p. 156)  In the direct appeal brief to the Alabama Court of Criminal Appeals, it was admitted that "the taped confession indicates that Robert Watkins, Latoya Davis, and David Watkins all participated in beating Christopher [sic] Farrell.  The taped statement indicates that the Appellant urinated in the victim's face."  (Doc. 7-5, p. 150)  Watkins also admitted at his state post-conviction hearing that he assaulted the victim the night of the murder.  Farrell ultimately died of a gunshot wound to the head.  (Doc. 7-5, p. 4)  Watkins has provided no evidence to indicate that he is actually factually innocent of, at the very least aiding and abetting in Farrell's murder, which was sufficient to convict him of murder.  Therefore, his argument that this Court should ignore his untimely petition, based on actual innocence, is without merit.

                Respectfully submitted

                Troy King
                *Attorney General*


                <u>s/Jean-Paul M. Chappell</u>
                Jean-Paul M. Chappell(CHA073)
                *Assistant Attorney General*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2008, I filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  David L. Watkins, AIS# 219698, Draper Correctional Facility, P.O. Box 1107, Elmore, AL 36025.

        Respectfully submitted,

        s/Jean-Paul M. Chappell
        Jean-Paul M. Chappell(CHA073)
        Office of the Attorney General
        Alabama State House
        11 South Union Street
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-mail: jchappell@ago.statel.al.us

376703/115872-001