IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID L. WATKINS, #219698,        )
                                  )
          Petitioner,             )
                                  )
     v.                           ) CIVIL ACTION NO. 2:07-CV-1040-MHT
                                  )                    [WO]
                                  )
WARDEN DANIEL, et al.,            )
                                  )
          Respondents.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by David L. Watkins ["Watkins"], a state inmate, on November 26, 2007.[1]  In this

petition, Watkins challenges a conviction for murder imposed upon him by the Circuit

Court of Montgomery County, Alabama on May 16, 2001.  On October 22, 2001, the trial

court sentenced Watkins as a habitual felony offender to life imprisonment for this

conviction.  Watkins' murder conviction became final by operation of law in May of 2002.

---

[1]Although the Clerk stamped the petition received on November 27, 2007, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th  Cir. 1993).  Watkins certified he executed this federal habeas petition on November 26, 2007.  *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 15.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Watkins] signed it ...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and for purposes of this federal habeas proceeding, the court considers November 26, 2007 as the date of filing.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  *Respondents' December 19, 2007 Answer - Court Doc. No. 7* at 9-12.  The respondents contend that because Watkins' murder conviction became final in 2002 -- after the effective date of the statute of limitations -- Watkins must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts.  The respondents acknowledge that Watkins filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on July 23, 2006.[3]  However, they argue this state post-conviction petition did not toll the one-year period of limitation because Watkins filed the petition after expiration of the federal limitation period and, therefore, such action was not "pending" during the requisite time period as required by the provisions of 28 U.S.C.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]The Rule 32 petition establishes that Watkins executed the petition on July 23, 2006 and such date is therefore the earliest on which Watkins could have submitted the petition to prison officials for mailing. *Respondents' Exhibit C - Court Doc. No. 7-4* at 16 -- *Rule 32 Petition* at 13.  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and July 23, 2006 is therefore the appropriate date of filing for Watkins' Rule 32 petition.

2

§ 2244(d)(2) to warrant tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003);

*Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199

F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d

454 (2000). The respondents further argue that even if this court allows Watkins equitable

tolling of the limitation period until the time he became aware of the denial of his direct

appeal and statutory tolling during the time a petition for mandamus remained pending in

the state courts, an action they assert is not a properly filed post-conviction petition which

warrants statutory tolling, the instant federal habeas petition remains untimely filed.

Based on the foregoing, the court entered an order advising Watkins of his failure

to file the present federal habeas action within the one-year limitation period established

by 28 U.S.C. § 2241(d)(1). *Order of December 20, 2007 - Court Doc. No. 9.* The

aforementioned order provided Watkins an opportunity to show cause why his federal

habeas petition should not be barred from review by this court as untimely filed. In

response to this order, Watkins argues this court should address the claims raised in his

federal habeas petition because "he is actually innocent of the conviction of murder...."

*Petitioner's January 10, 2008 Response - Court Doc. No. 10* at 4. In support of this claim,

Watkins "contends that the record, the evidence that was presented at trial in and of itself

establishes that he is actually and factually innocent of said crime...." *Id*.

Upon review of the pleadings filed by the parties, the undisputed state court records

and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Watkins failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence

This court must determine whether Watkins has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims."  *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d

4

147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

Watkins argues his taped statement admitted into evidence during his trial indicated he did not aid or abet in committing the murder, established he was under the influence of alcohol at the time of the offense and showed he repudiated himself from commission of the murder.  It is clear these are the same arguments presented by Watkins in his defense at trial and which the jury rejected.  Consequently, the evidence on which Watkins relies does not constitute "new reliable evidence" of his actual innocence nor has Watkins demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

## B.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is

codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was prevented
>> from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations

is tolled during the ninety-day period in which such action may be undertaken. *Coates v.*

6

*Byrd*, 211 F.3d 1225 (11ᵗʰ Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists.  *Id.*

The Circuit Court of Montgomery County, Alabama convicted Watkins of murder on May 16, 2001.  The trial court imposed sentence upon Watkins for this conviction on October 22, 2001.  Watkins filed a direct appeal of his murder conviction and the Alabama Court of Criminal Appeals entered a memorandum opinion affirming this conviction on April 19, 2002.  *Respondents' Exhibit A - Court Doc. No. 7-2.*  Watkins did not further appeal his murder conviction and the appellate court therefore issued the certificate of judgment on May 7, 2002.  *Respondents' Exhibit B - Court Doc. No. 7-3.*[4]  Since Watkins failed to fully pursue the direct appeal process, he relinquished his right to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his murder conviction therefore lapsed upon expiration of the time for filing an application for

---

[4]Where further action is not undertaken upon a ruling by the Alabama Court of Criminal Appeals, the appellate court issues the certificate of judgment eighteen (18) days after entry of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

rehearing in the appellate court -- fourteen (14) days after rendition of judgment by that court on April 19, 2002.  Rule 40(c), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court).  Thus, Watkins' conviction for murder became final, at the latest, on May 7, 2002, upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals, and, absent equitable or statutory tolling, the one-year period of limitation contained in section 2244(d)(1)(A) would begin to run on May 8, 2002.[5]

**1.  <u>Equitable Tolling of the Limitation Period</u>**.  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

---

[5]In computing the federal limitation period, this court must "[e]xclude the day of the act, event or default that begins the period."  Rule 6(a)(1), *Federal Rules of Civil Procedure*.

circumstances' beyond a prisoner's control make it impossible to file a petition on time."
*Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Such tolling
applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035,
1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th
Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly
rests with the petitioner."  *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept.
of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080,
122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Watkins appears to argue he is entitled to equitable tolling of the limitation period
until the time he became aware that his murder conviction had been affirmed on direct
appeal.  *Attachment to Petition for Writ of Habeas Corpus - Court Doc. No. 1-2 at 4.*
Specifically, Watkins maintains it was not until April of 2004 that counsel advised him his
appeal had been denied.  *Id.*  The respondents do not dispute Watkins' allegation and,
instead, present evidence that the Alabama Court of Criminal Appeals likewise mailed a
letter to Watkins on March 31, 2004 advising him his murder conviction "was affirmed by
memorandum opinion on April 19, 2002.  The certificate of judgment was issued on May
7, 2002, thereby concluding [the] appeal."  *Respondents' Exhibit C - Court Doc. No. 7-5
at 184.*[6]

---

[6]The letter from the appellate court is dated March 31, 2004, whereas appellate counsel's letter is dated
April 2, 2004.  Both are addressed to Watkins at the proper correctional facility.  Watkins does not allege any delay

The evidentiary materials filed in this case demonstrate that on March 31, 2004 the Alabama Court of Criminal Appeals, in response to a letter from Watkins seeking information regarding his direct appeal, advised Watkins the direct appeal process had concluded on May 7, 2002. *Respondents' Exhibit C - Court Doc. No. 7-5* at 184.  In addition, on April 2, 2004, appellate counsel, upon receipt of a copy of the letter Watkins provided the Alabama Court of Criminal Appeals, sent Watkins a letter advising Watkins that she sent him "a copy of the court's decision [denying his direct appeal] back in April of 2002" and enclosed a copy of the court's opinion.  *Id.* at 185.  Counsel also provided Watkins a copy of his trial transcript and advised him to file a Rule 32 petition as soon as possible.  *Id.*

Under the undisputed circumstances of this case, the court finds that the limitation period should be equitably tolled from May 8, 2002 until April 10, 2004 because Watkins did not receive notice of the finality of his direct appeal until receipt of a letter from the Alabama Court of Criminal Appeals and/or appellate counsel.  *Jones v. Nagle*, 349 F.3d 1305, 1308 (11th Cir. 2003) (equitable tolling appropriate until time petitioner alleged he

---

in his receipt of these letters and concedes that he received the letter from counsel sometime in April of 2004. Allowing ten (10) days for delivery of these letters and excluding Sundays, the court concludes that Watkins received the letter from the Alabama Court of Criminal Appeals on or before April 10, 2004.  Accordingly, for purposes of calculating expiration of the limitation period, the court will utilize April 10, 2004 as the date Watkins became aware that the denial of his direct appeal was final.  The court advised Watkins of the aforementioned determination regarding the date of his receiving notice of the denial of his direct appeal.  *Order of December 20, 2007 - Court Doc. No. 9* at 6 n.5.  In his response to this order, Watkins does not dispute such determination.  *See Petitioner's January 10, 2008 Response - Court Doc. No. 10.*

10

received notice of state court's ruling where State fails to dispute petitioner's claim that his receipt of notice occurred several months after court's ruling).  Thus, absent statutory tolling, the federal period of limitation began to run on April 11, 2004.

  **2.  Statutory Tolling of the Limitation Period**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Watkins, however, failed to properly file a state post-conviction action challenging his murder conviction. Although Watkins submitted a petition for mandamus to the Alabama Court of Criminal Appeals on January 25, 2005, he failed to comply with the state's procedural rules regarding service of the mandamus petition and such petition was therefore summarily dismissed on March 2, 2005.  *Respondents' Exhibit K - Court Doc. No. 7-14.* Additionally, a mandamus petition is not a proper post-conviction petition in which to challenge a conviction as such action may only be undertaken in a Rule 32 petition.  Rule 32.4, *Alabama Rules of Criminal Procedure*; *see also Moore v. Cain*, 298 F.3d 361, 366-368 (5th Cir. 2002) (mandamus petition not a post-conviction petition seeking collateral review of conviction and therefore had no effect on tolling).  Thus, a mandamus petition does not effectuate statutory tolling of the limitation period.[7]  Additionally, Watkins filed

---

[7]The court notes that even if it permitted tolling of the limitation period during the pendency of the mandamus petition such tolling would not render the instant petition timely filed.

his Rule 32 petition after the federal period of limitation had expired and, therefore, this petition did not toll the running of the applicable one-year period of limitation.[8]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at 1381 ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C.  § 2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker*, 255 F.3d at 1335 n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, the state post-conviction petition filed by Watkins on July 23, 2006 did not toll the limitation period applicable to this federal habeas petition.

For the foregoing reasons, Watkins is not entitled to statutory tolling of the federal limitation period during the pendency of either his mandamus petition or his Rule 32 petition.

---

[8]The petitioner filed his Rule 32 petition in the state court on July 23, 2006 - over a year and three months after § 2244(d)'s one-year period of limitation had expired.

**3. <u>Expiration of the Limitation Period</u>**.  Watkins' murder conviction became final on May 7, 2002.  As previously determined, Watkins is entitled to equitable tolling of the federal period of limitation until April 10, 2004.  The record, however, is devoid of any basis for statutory tolling of the limitation period with respect to its running after April 10, 2004.  The one-year period of limitation mandated by the AEDPA for the filing of a federal habeas petition by Watkins challenging his 2001 murder conviction therefore began to run on April 11, 2004 and ran without interruption until it expired on April 11, 2005.  Watkins filed the instant petition for federal habeas relief on November 26, 2007, over 2½ years after expiration of the federal limitation period.  Watkins has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by David L. Watkins be denied as Watkins failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before November 19, 2009, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of November, 2009

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE